IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JESSE WEBB, a/k/a Tyrence Williams,** **IDOC # A83215,** | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) CIVIL NO. 10-470-GPM ) |
| **MICHAEL P. RANDLE, et al.,** | ) ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

      Plaintiff Jesse Webb, a/k/a Tyrence Williams, is a prisoner in the custody of the Illinois Department of Corrections ("IDOC") who currently is serving a sentence of six years' imprisonment at the Robinson Correctional Center for the offense of failure to register as a sex offender. Webb brings this action pro se pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights by persons acting under color of state law. At this time Webb's complaint is before the Court for screening pursuant to 28 U.S.C. § 1915A, which provides, in relevant part:

> (a) Screening. – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) Grounds for Dismissal. – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted[.]

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which

relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court is obligated to accept factual allegations as true, "some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Marshall v. Knight*, 445 F.3d 965, 969 (7th Cir. 2006) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

According to the allegations of Webb's pro se complaint and its supporting documentation, in November 2009, while Webb was incarcerated at the Big Muddy River Correctional Center ("Big Muddy"), Defendant Michael Held, the clothing room supervisor at Big Muddy, refused to issue Webb certain winter clothing rations, including t-shirts, a skullcap, and baseball caps. Webb claims that as a result of going outside in winter with his head uncovered, he contracted a cold.[1] Webb further alleges that Defendant Debbie Isaacs, the health care administrator at Big Muddy, ignored Webb's requests to be put on sick call so that he could be treated for his cold. According to Webb's complaint, Defendant John Evans, the warden of Big Muddy, ignored a letter Webb wrote

---

1. Webb does not appear to understand that the causative connection between cold weather and susceptibility to the common cold is that, in winter, people spend more time indoors together than in warm weather, facilitating the spread of communicable illnesses. Webb seems to believe that the common cold in fact is caused by exposure to cold weather.

to him complaining of Held's alleged misconduct. Also, Webb complains that Defendant Dirk Valerius, a grievance counselor at Big Muddy, failed to process grievances Webb filed concerning Held and Isaacs and that Defendant Sherry Benton, a member of the IDOC's administrative review board, wrongly denied administrative appeals Webb took concerning his grievances about Held and Isaacs. Webb alleges violations of his Eighth Amendment rights. In addition to Held, Isaacs, Evans, Valerius, and Benton, Michael P. Randle, the former director of the IDOC, is named as a Defendant in this case. Webb demands $200,000 in compensatory damages and $200,000 in punitive damages from each Defendant.

With respect to Randle, Webb's complaint is devoid of allegations showing that Randle was personally involved in a deprivation of Webb's constitutional rights, and it is clear that Randle is sued purely by virtue of his position as the onetime director of the IDOC. However, 42 U.S.C. § 1983 "creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." *Sheik-Abdi v. McClellan*, 37 F.3d 1240, 1248 (7th Cir. 1994) (citing *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983)). *See also Burks v. Raemisch*, 555 F.3d 592, 593, 596 (7th Cir. 2009) (citing *Monell v. Department of Soc. Servs. of City of N.Y.*, 436 U.S. 658 (1978)) (stating that "Section 1983 does not establish a system of vicarious responsibility" and therefore "public employees are responsible for their own misdeeds but not for anyone else's."); *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001)) ("The doctrine of *respondeat superior* does not apply to § 1983 actions; thus to be held individually liable, a defendant must be 'personally responsible for the deprivation of a constitutional right.'"); *Willis v. Hulick*, Civil No. 09-cv-447-JPG, 2010

WL 358836, at *2 (S.D. Ill. Jan. 25, 2010) (citing *Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003)) (a Section 1983 plaintiff must make allegations that "associate specific defendants with specific claims . . . so these defendants are put on notice of the claims brought against them and so they can properly answer the complaint."). Webb's claim against Randle will be dismissed.

With respect to Webb's claim against Held, Webb again fails to state a claim for relief. Prisons are, in general, harsh and uncomfortable places, and prisoners "cannot expect the amenities, conveniences and services of a good hotel[.]" *Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir. 1988). However, "[p]risoners have a right to protection from extreme cold." *Antonelli v. Sheahan*, 81 F.3d 1422, 1433 (7th Cir. 1996). Thus, prison officials can be held liable for a violation of the Eighth Amendment if they expose prisoners in their custody to extreme cold. *See, e.g., Dixon v. Godinez*, 114 F.3d 640, 643 (7th Cir. 1997) (reversing a grant of summary judgment in favor of prison officials on a prisoner's claim that the temperature in his cell averaged about forty degrees and regularly fell below freezing for four consecutive winters); *Murphy v. Walker*, 51 F.3d 714, 720-21 (7th Cir. 1995) (finding that a prisoner's allegation of being confined in an unheated cell at a county jail without blankets or clothing for a week and a half in mid-November stated a claim for a violation of the prisoner's constitutional rights); *Del Raine v. Williford*, 32 F.3d 1024, 1035-36 (7th Cir. 1994) (reversing a grant of summary judgment in favor of prison officials on a prisoner's claim for an Eighth Amendment violation where the prisoner was confined in a cell with broken windows in which the temperature inside was near the temperature outside, including a period when the daily wind chill was between forty to fifty degrees below zero); *Henderson v. DeRobertis*, 940 F.2d 1055, 1056-61 (7th Cir. 1991) (finding an Eighth Amendment violation clearly established

where conditions of confinement included broken cell windows, below-freezing temperatures inside cells, no winter clothing, lack of extra blankets, and a malfunctioning heating system over a period of four days in which the temperature fell to twenty-two degrees below zero and the wind chill was eighty degrees below zero outside). In this case, however, Webb does not allege that he was exposed to extreme cold for extended periods of time, was at risk for frostbite or hypothermia, and so forth. Instead, the gravamen of Webb's claim is simply that, because Held refused to issue Webb a skullcap or baseball cap, Webb was obliged to go bareheaded when he went outdoors during the 2009-2010 winter, with the result that Webb caught a cold in his head. It appears from the allegations of Webb's complaint that Webb was required to go outside during the winter at mealtimes, when he walked to and from the prisoner mess hall at Big Muddy. Webb may have experienced some transient periods of exposure to cold at such times, but "temporary inconveniences and discomforts" do not rise to the level of Eighth Amendment violations, of course. *Adams v. Pate*, 445 F.2d 105, 108 (7th Cir. 1971).

With respect to Webb's claim against Isaacs, it is well settled that a prison official's "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). A prisoner raising an Eighth Amendment claim against a prison official for deliberate indifference to the prisoner's health or safety must satisfy two requirements. The first requirement compels the prisoner to satisfy an objective standard: "[T]he deprivation alleged must be, objectively, 'sufficiently serious[.]'" *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Thus, "a prison official's act or omission must result in the denial of 'the minimal civilized measure

of life's necessities.'" *Id*. (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)).  The second requirement demands that the prisoner satisfy a subjective standard:  "[A] prison official must have a 'sufficiently culpable state of mind,'" one that amounts to "'deliberate indifference' to inmate health or safety." *Id*. (quoting *Wilson*, 501 U.S. at 297).  "[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837.  "An objectively serious medical need is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) (quoting *Zentmyer v. Kendall County, Ill*., 220 F.3d 805, 810 (7th Cir. 2000)) (internal citation omitted).  Here Webb's claim against Isaacs founders on the objective prong of the test of deliberate indifference, existence of a serious medical need. As already has been noted, the medical need to which Webb alleges Isaacs was deliberately indifferent was a head cold.  "The Constitution is not a charter of protection for hypochondriacs." *Cooper v. Casey*, 97 F.3d 914, 916 (7th Cir. 1996).  Said differently, "[n]ot all medical conditions are sufficiently serious to implicate the Eighth Amendment." *Reed v. McBride*, 178 F.3d 849, 853 (7th Cir. 1999).  Of particular relevance to this case is the holding of the United States Court of Appeals for the Seventh Circuit that "failure to treat a common cold [does] not constitute deliberate indifference to a serious medical need[.]" *Gutierrez v. Peters*, 111 F.3d 1364, 1372 (7th Cir. 1997) (citing *Gibson v. McEvers*, 631 F.2d 95 (7th Cir. 1980)).  Because Webb has not alleged a serious medical need, his claim against Isaacs will be dismissed.

The Court turns finally to Webb's claims against Evans, Valerius, and Benton. The gist of these claims is simply that Evans, Valerius, and Benton ignored and dismissed Webb's written complaints and grievances about the conditions of his confinement. Assuming the truth of Webb's allegations, they do not state a claim for a violation of Webb's constitutional rights. There is, of course, a constitutional right to address complaints to state officials. *See Black v. Lane*, 22 F.3d 1395, 1403 (7th Cir. 1994). However, "the First Amendment right to petition the government for a redress of grievances protects a person's right to complain to the government that the government has wronged him, but it does not require that a government official respond to the grievance." *Jones v. Brown*, 300 F. Supp. 2d 674, 679 (N.D. Ind. 2003). Also, "[a] citizen's right to petition the government does not guarantee a response to the petition or the right to compel government officials to act on or adopt a citizen's views." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). Correspondingly, allegations that a state prison maintains an "inadequate" grievance procedure do not state a claim for a violation of constitutional rights. *Antonelli*, 81 F.3d at 1430 (holding that the grievance procedure available at the Cook County Jail violated neither the First Amendment nor the Fourteenth Amendment). Too, the Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, of itself, rise to the level of a violation of a prisoner's constitutional rights. *See Maust v. Headley*, 959 F.2d 644, 648 (7th Cir. 1992) (citing *Shango v. Jurich*, 681 F.2d 1091, 1100-01 (7th Cir. 1982)) ("[T]he law is well-settled that state-created procedural rights do not, standing alone, constitute protected [constitutional] interests."). *Accord Vruno v. Schwarzwalder*, 600 F.2d 124, 130-31 (8th Cir. 1979) ("The simple fact that state law prescribes certain procedures does not mean that the procedures thereby acquire a federal constitutional dimension."). Moreover, the Seventh Circuit Court of

Appeals has held that a wrongful denial of a grievance is not a basis for a claim of violation of constitutional rights under 42 U.S.C. § 1983. "Only persons who cause or participate in the violations [of a prisoner's constitutional rights] are responsible [under Section 1983]. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation. A guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not." *George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007). Webb's claims against Evans, Valerius, and Benton are due to be dismissed.

To conclude, pursuant to 28 U.S.C. § 1915A, the Court finds that Webb's complaint fails to state a claim upon which relief may be granted. Therefore, this action is **DISMISSED with prejudice**. Webb's motion for a status report (Doc. 12) is **DENIED as moot**. Webb is advised that the dismissal of this case will count as one of his three allotted "strikes" under 28 U.S.C. § 1915(g). The Clerk of Court will enter judgment in accordance with this Order.

**IT IS SO ORDERED.**

DATED: February 16, 2011

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge